```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION


KEITH A. HOWARD                    ]
     Petitioner,                   ]
                                   ]
v.                                 ]      No. 3:13-0029
                                   ]      Judge Sharp
WAYNE CARPENTER, WARDEN            ]
     Respondent.                   ]
```

## M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Wayne Carpenter, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On September 2, 2009, a jury in Sumner County found the petitioner guilty of forgery and attempted evasion of sales taxes. For these crimes, he received consecutive sentences of six years each, giving the petitioner an aggregate sentence of twelve (12) years in prison. Docket Entry No.3; Appendix Nos.1 and 2.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the petitioner's convictions and sentences. Docket Entry No.16-1. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.16-2.

1

The petitioner then filed a petition for federal habeas corpus relief. Keith A. Howard v. Tennessee, et al., No.3:12-0082 (M.D. Tenn.). In July, 2012, the federal habeas petition was denied and this action was dismissed without prejudice so as to afford the petitioner an opportunity to exhaust his remaining state court remedies. *Id.* at Docket Entry No.41.

## II. Procedural History

On January 14, 2013, the petitioner initiated the instant action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). The petition sets forth eight claims for relief. These claims include :

1) the evidence was insufficient to support a conviction for forgery;

2) a variance occurred between the allegations in the indictment and the proof at trial;

3) the evidence was insufficient to support a conviction for attempted evasion of sales taxes;

4) the trial court erred by refusing to instruct the jury that a buyer is responsible for the payment of sales taxes;

5) sentencing errors include
 a) the prosecution neglected to file timely notice of its intent to seek sentence enhancement;
 b) the enhancement of petitioner's sentences was based upon facts other than prior convictions that had not been proven beyond a reasonable doubt (Blakely claim);
 c) running the petitioner's sentences consecutively was excessive; and

6) the petitioner was denied the effective

2

assistance of counsel when his attorney neglected to file a motion for new trial.[1]

Upon its receipt, the Court examined the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, by an order (Docket Entry No.5) entered January 30,2013, the respondent was directed to file an answer, plead or otherwise respond to the petition. Rule 4, Rules Governing § 2254 Cases.

Presently before the Court are respondent's Answer (Docket Entry No.16) to the petition and petitioner's Reply (Docket Entry No.18) to respondent's Answer.

Having carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985); 28 U.S.C. §

---

[1] The petitioner retained Dan Warlick, a member of the Davidson County Bar, to represent him at trial.

3

2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838,845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509,518-520 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). A claim has been fairly presented when the petitioner has raised both the factual and legal bases for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). In other words, the petitioner must present "the same claim under the same theory" to the state courts. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner raised a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982). Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).

In Tennessee, a petitioner need only take his claims to the

Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003). The petitioner bears the burden of demonstrating the exhaustion of state court remedies. Rust v. Zent, 17 F.3d 155,160 (6th Cir.1994).

**1) Procedurally Defaulted Claim**

The petitioner alleges that his attorney was ineffective for failing to file a motion for new trial (Claim No.6). This claim was never presented to the state courts for consideration during either direct appeal or post-conviction proceedings.

Unfortunately, at this late date, state court remedies for this claim is no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to his ineffective assistance claim. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a

federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. Gray v. Netherland, 518 U.S. 152,162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754,764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478,488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152,170-172 (1982).

The petitioner's original habeas corpus petition was dismissed without prejudice because he had not yet exhausted the ineffective assistance claim in the state courts. Keith A. Howard v. Tennessee, et al., No.3:12-0082; Docket Entry No.40 at pg.4. At that time, the petitioner was informed that a state court remedy in the form of post-conviction relief was still available to him.

The petitioner chose not to file a state post-conviction petition. In his current habeas petition, he states that the "procedural default in not filing a state post-conviction petition

6

was inadvertent, impeded as a result of his custody with the U.S. Marshal's Service which began well prior, continuing after October 24, 2012, until November 7, 2012." Docket Entry No.1 at pgs.9-10. The petitioner was aware on August 15, 2012, that he had until October 24, 2012 in which to file a timely state post-conviction petition and exhaust his ineffective assistance claim. Keith A. Howard v. Tennessee, et al., *supra* at Docket Entry No.45. He has offered no reason why he was unable to file a state post-conviction petition within two months, other than to say that he was in federal rather than state custody. This conclusory excuse is insufficient to forgive the procedural default of the ineffective assistance claim. Therefore, this claim will not provide a basis for federal habeas relief.

**2) Waived Claims**

During direct appeal, the petitioner raised his claims of a variance between the indictment and the proof (Claim No.2) and the refusal to instruct the jury that the buyer is responsible for payment of the sales tax (Claim No.4). The state appellate court deemed these claims to have been waived because they were not previously raised in a motion for new trial. Docket Entry No.16-1 at pg.6.

Waiver is an adequate and independent state ground that will support a finding of procedural default. Cone v. Bell, 492 F.3d 743,758 (6th Cir.2007). Not surprisingly, the petitioner asserts

7

that cause for the procedural default of these claims was counsel's failure to file a motion for new trial.

The ineffectiveness of counsel can serve as cause for a procedural default. Murray, *supra* at pgs.488-489. However, unless the ineffectiveness of counsel has itself already been fully exhausted as an independent constitutional claim, it cannot serve as cause for other procedurally defaulted claims. Edwards v. Carpenter, 529 U.S. 446,453 (2000). As noted above, counsel's failure to file a motion for new trial was never raised by the petitioner as an independent constitutional claim in the state courts. Therefore, the petitioner has shown no cause to excuse the waiver of the variance and jury instructions claims. Taylor v. McKee, 649 F.3d 446,451 (6th Cir.2011). As a consequence, these claims can not provide the petitioner the federal habeas corpus relief he seeks.

**3) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the sufficiency of the evidence (Claim Nos.1 and 3) and the alleged sentencing errors (Claim No.5a-c) were fully exhausted on the merits in the state courts on direct appeal. Docket Entry No.16-1.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state

8

court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. Lundgren v. Mitchell, 440 F.3d 754,762 (6th Cir.2006), *citing* Williams v. Taylor, 529 U.S. 362,413 (2000). To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. *Id.* In short, state court judgments must be upheld unless the Court finds that the state court's application of federal law was "objectively unreasonable", rather than simply incorrect. Goodell v. Williams, 643 F.3d 490,495 (6th Cir.2011). A state court's application of federal law is objectively unreasonable if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents." Harrington, *supra* at 131 S.Ct. 786.

**A.) Sufficiency of the Evidence**

The petitioner was charged in a two count indictment with forgery "by passing and publishing to the Sumner County Clerk's Office a motor vehicle title to a 2005 Prevost bus which had been altered to reflect that the sales price of said bus was $62,500.00 instead of the correct figure of $625,000.00", for the purpose of evading the payment of the sales tax in the amount of $39,375.00. Docket Entry No.36-1 at pgs.4-5.[2] He claims that the evidence was insufficient to support his convictions (Claim Nos.1 and 3).

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* 99 S.Ct. at 2789.

On January 8, 2007, the petitioner presented a title application for a recently purchased 2005 Prevost touring bus to the Sumner County Clerk's Office. Stagecoach America, Inc. was

---

[2] The indictment, along with the trial transcript and a majority of the record were filed by the respondent in the petitioner's earlier habeas corpus action, Keith A. Howard v. Tennessee, et al., No.3-12-0082 (M.D. Tenn.). References to the record via docket entry are entries from that earlier case.

10

designated on the application as owner of the bus and the application was signed by the petitioner as a representative of Stagecoach America, Inc. Docket Entry No.36-6 at pgs.52-54.

Along with the application, the petitioner presented a certificate of title indicating that Tommy Burnett, a representative of Stagecoach America, Inc., had purchased the bus from a youth ministry known as The Shepherd's Call for $62,500. *Id.* at pgs.39-41.

An employee at the Clerk's Office noticed that the purchase price on the certificate of title seemed low and that the price appeared to have been altered. For that reason, the petitioner was also required to file an affidavit of non-dealer transfer and an affidavit that the bus was for personal use. *Id.* at pgs.33-34. Tommy Burnett purportedly signed the affidavit of non-dealer transfer while the petitioner signed the affidavit for personal use. *Id.* at pgs.34,44-45.

Tommy Burnett testified that he did not sign any of the documents presented to the Sumner County Clerk's Office by the petitioner. Docket Entry No.36-7 at pgs.77,149-153. A representative of The Shepherd's Call testified that the actual purchase price of the bus was $625,000.00. *Id.* at pg.38. In a letter to a friend, the petitioner admitted that he had engaged in "deceptive practices" during the purchase of the bus and exonerated Tommy Burnett of any wrongdoing. Docket Entry No.36-8 at pg.60. The

11

petitioner admitted to an agent of the Tennessee Department of Revenue that he was the President of Stagecoach America, Inc. and state records listed the petitioner as the sole managing member of the company. Docket Entry No.36-7 at pg.178.

The state courts found that the evidence was sufficient to convict the petitioner of both forgery and the attempted evasion of a sales tax. Docket Entry No.37-5 at pgs.11-12. The jury heard that the petitioner presented documents to the Sumner County Clerk's Office that drastically understated the purchase price of the bus. The certificate of title offered by the petitioner appeared to have a purchase price that had been altered. Docket Entry No.36-8 at pg.6. The petitioner had negotiated the purchasing and financing of the bus with Heritage Bank and Trust, making him well aware of the actual sales price. Docket Entry No.36-6 at pgs.68-70. The altered purchase price on the certificate of title would allow Stagecoach America, Inc., and the petitioner as its sole managing member, to avoid over $39,000 in sales tax. Docket Entry No.36-8 at pg.9. From this, the Court does not find that the disposition of these claims by the state courts was in any way contrary to, or an unreasonable application of federal law. Therefore, these claims are without merit.

**B.) Sentencing Errors**

The petitioner claims that the trial court erred when it enhanced his sentences because the prosecution had failed to file

a timely notice of enhancement (Claim No.5a) and because the enhancement of his sentences was based upon facts other than prior convictions that had not been proven beyond a reasonable doubt (Claim No.5b). He also argues that running his sentences consecutively was excessive (Claim No.5c).

According to the petitioner's Pre-Sentence Report, the prosecution filed a notice of intent to seek enhanced punishment. Docket Entry No.36-8 at pg.156. The prosecution intended to have the petitioner sentenced as a Range IV - Career Offender. At the sentencing hearing, though, the parties stipulated that the petitioner qualified as a Range III - Persistent Offender. Docket Entry No.37-5 at pg.12. There is nothing in the record to suggest that the notice of intent was untimely or that counsel contemporaneously challenged the notice of intent as untimely. It appears, therefore, that there is no merit to the petitioner's claim (Claim No.5a) that his sentences were enhanced pursuant to an untimely notice of intent to seek enhanced punishment.

The constitutional guarantee of a jury trial proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by the jury or admitted by the defendant. Apprendi v. New Jersey, 530 U.S. 466,490 (2000). The relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but rather the maximum he may

13

impose without any additional findings. <u>Blakely v. Washington</u>, 542 U.S. 296,303-04 (2004).

Each conviction was for a Class E felony. The sentencing range for a Class E felony is 4 - 6 years. Tenn. Code Ann. § 40-35-112(c)(5). The minimum sentence within the range is the sentence that should be imposed unless enhancement factors justify an increase in sentence. Tenn. Code Ann. § 40-35-210(c)(1).

In this case, the petitioner had a criminal history that included eight prior felonies in the State of Maryland. Docket Entry No.36-8 at pg.156. The petitioner stipulated to the accuracy of his criminal history as recited in the Pre-Sentence Report. Docket Entry No.37-5 at pg.12, fn.1. The maximum sentence within the range for each conviction was imposed because of petitioner's "previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." *Id.* at pg.14.

At petitioner's sentencing hearing, the court took into account the petitioner's extensive criminal history. However, there was also evidence presented of ongoing criminal activities for which the petitioner had neither been charged nor convicted of. The trial judge commented "Gee, whiz, the effect of this man on people on the crimes not charged here is staggering, absolutely staggering." *Id.* It is likely, therefore, that this uncharged conduct did play a role in the decision to sentence the petitioner

14

at the top of the sentencing range. To that extent, then, it appears that the petitioner may have been sentenced in violation of Blakely. *supra.*

The Supreme Court has held that a Blakely violation is subject to harmless error analysis. Washington v. Recuenco, 548 U.S. 212,221-222 (2006). An error of this type will not be deemed harmless if it had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619,627 (1993). Habeas corpus relief is appropriate only if the constitutional error harmed the petitioner. Jensen v. Romanowski, 590 F.3d 373,378 (6th Cir.2009). In this regard, the Blakely error is considered harmless unless the Court has grave doubt as to whether a jury's findings would have entitled the petitioner to a lesser sentence. *See* Villagarcia v. Warden, Noble Correctional Institution, 599 F.3d 529,537 (6th Cir.2010).

At trial, the petitioner admitted in a letter to "deceptive practices" during the purchase of the bus. Docket Entry No.36-6 at pg.171. He told a friend "that he was the one who had set all this up." *Id.* at pg.172. The jury heard this testimony of uncharged misconduct. That, coupled with the petitioner's extensive criminal record, give this Court little doubt that the petitioner would have, under any circumstances, received the maximum penalty allowed by law. Consequently, the Court finds that the Blakely violation (Claim No.5b) was harmless.

Finally, the petitioner complains that consecutive sentencing was excessive (Claim No.5c). Consecutive sentencing is appropriate under Tennessee law if the petitioner is shown to have an extensive criminal record. Tenn. Code Ann. § 40-35-115(b)(2). Here, the petitioner did have an extensive criminal record. Running the sentences consecutively was consistent with state law and was not cruel and unusual in nature. Thus, this claim has no merit.

### IV. CONCLUSION

Three of the petitioner's claims are barred due to his unexcused failure to fully and properly exhaust them in the state courts. The state courts determined that the remaining claims that were fully exhausted lack merit. The record supports these findings. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claims was neither contrary to nor an unreasonable application of federal law.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge